CT Corporation

**Service of Process Transmittal**
04/01/2022
CT Log Number 541330261

TO:   PEGGY RUBIN
      X.L. America, Inc.
      505 EAGLEVIEW BLVD STE 100
      EXTON, PA 19341-1199

RE:   **Process Served in Georgia**

FOR:  Greenwich Insurance Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON, MAURA ALCON, MARLENY ALCON & HUGO ALCON, vs. ASPLUNDH TREE EXPERT, LLC |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Complaint |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 22C01817S5 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/01/2022 at 11:19 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Chirag Patel<br>Cuadra & Patel, LLC<br>296 S. Culver Street<br>Lawrenceville, GA 30046<br>404-373-6336 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/01/2022, Expected Purge Date: 04/06/2022<br><br>Image SOP<br><br>Email Notification,  PEGGY RUBIN  peggy.rubin@axaxl.com<br><br>Email Notification,  Kimberly Rigoroso  kimberly.rigoroso@axaxl.com |
| **REGISTERED AGENT ADDRESS:** | Linda Banks<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
04/01/2022
CT Log Number 541330261

**TO:**   PEGGY RUBIN
X.L. America, Inc.
505 EAGLEVIEW BLVD STE 100
EXTON, PA 19341-1199

**RE:**   **Process Served in Georgia**

**FOR:**   Greenwich Insurance Company  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Civil Action No. 22-C-01817-S5

| Superior Court ☐ | Magistrate Court ☐ |
|---|---|
| State Court ☑ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed MARCH 29TH, 2022

Georgia, GWINNETT **COUNTY**

Attorney's Address

CUADRA & PATEL, LLC

296 S CUVLER STREET

LAWRENCEVILLE, GA 30046

MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON

MARUA ALCON, MARLENY ALCON, HUGO ALCON

**Plaintiff**

VS.

Name and Address of Party to Served

GREENWICH INSURANCE CO. C/O CT CORP SYS

289 S CULVER STREET

LAWRENCEVILLE, GA 30046

ASPLUNDH TREE EXPERT, LLC, SEAN DOUGLAS BALLMERRE

AND GREENWICH INSURANCE COMPANY

**Defendant**

**Garnishee**

# SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20____.

DEPUTY

**CLERK'S COPY**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01817-S5**
**3/29/2022 4:43 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON, MAURA ALCON, MARLENY ALCON & HUGO ALCON,** Plaintiffs, | **CIVIL ACTION FILE NO.** |
| v. | 22-C-01817-S5 |
| **ASPLUNDH TREE EXPERT, LLC,** AND **SEAN DOUGLAS BALLMERRE,** AND **GREENWICH INSURANCE COMPANY,** Defendants. | |

## SUMMONS

TO THE ABOVE NAMED Defendant:

You are summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

CUADRA & PATEL, LLC
Chirag Patel, Esq. & Norman H. Cuadra Esq.
296 S. Culver Street
Lawrenceville, GA 30046

An answer to the complaint, answer to the interrogatories, and answer to the production of documents which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TIANA P. GARNER

*This _____ Day of _____, 2022.*

30th day of March, 2022

Clerk of the State Court

By _____
Deputy Clerk

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01817-S5**
**3/29/2022 4:43 PM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON, MAURA ALCON, MARLENY ALCON & HUGO ALCON,**<br>        **Plaintiffs,**<br><br>v.<br><br>**ASPLUNDH TREE EXPERT, LLC,**<br>        AND<br>**SEAN DOUGLAS BALLMERRE,**<br>        AND<br>**GREENWICH INSURANCE COMPANY,**<br>        **Defendants.** | **CIVIL ACTION**<br>**FILE NO.**<br><br>22-C-01817-S5 |

### COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiffs, **MARIO, GEREMIAS, SECILIA, MAURA, MARLENY AND HUGO ALCON,** by and through undersigned ASPLUNDH TREE EXPERT, LLC, SEAN DOUGLAS BALLMERRE & GREENWICH INSURANCE COMPANY, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs **MARIO, GEREMIAS, SECILIA, MAURA, MARLENY AND HUGO ALCON** are and all times material to this action, residents of the State of Georgia, and are subject to the jurisdiction and venue of this court.

2.

Defendant Asplundh Tree Expert, LLC (hereinafter referred to as "Asplundh"), is a foreign corporation existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania and may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046, and is subject to the jurisdiction and venue of this court.

3.

Defendant Sean Douglas Ballmerre (hereinafter referred to as "Ballmerre"), is a resident of the State of Michigan, specifically 803 Bennett Street, Albion, Michigan 49224. Defendant may

be served through the Secretary of State pursuant to O.C.G.A. § 40-12-1 et seq. Georgia Non-Resident Motorist Statute.

4.

Defendant Greenwich Insurance Company is a foreign corporation existing under the laws of Delaware, with its principal place of business in Connecticut and may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046, and is subject to the jurisdiction and venue of this court.

5.

Defendant Greenwich Insurance Company was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

6.

Jurisdiction and venue are proper in this court.

## BACKGROUND.

7.

On or about August 3rd, 2020, Plaintiffs were in a 1999 Ford travelling north on Glade Road approaching the intersection of Tanyard Creek Road in Bartow County, Georgia.

8.

On or about August 3rd, 2020, Defendant Ballmerre was operating a 2013 Frightliner Truck as an employee of Defendant Asplundh directly behind Plaintiffs, in Bartow County, Georgia.

9.

On or about August 3rd, 2020, Defendant Ballmerre was employed by Defendant Asplundh.

10.

On or about August 3rd, 2020, Ballmerre, Asplundh and the Freightliner were insured by Greenwich Insurance Company for their negligent acts.

11.

On or about August 3rd, 2020, Defendant Ballmerre negligently and recklessly followed too closely and struck Plaintiffs' vehicle.

12.

On or about August 3rd, 2020, Defendant Ballmerre failed to maintain a proper lookout and was driving too fast for the conditions.

13.

Defendant Ballmerre's Freightliner collided with the Plaintiffs' vehicle, resulting in serious, possibly permanent injuries to Plaintiffs.

14.

Emergency services were called and Defendant Ballmerre was found at fault for following too closely, in violation of O.C.G.A. § 40-6-49.

15.

At all times pertinent to the subject matter of this Complaint, Plaintiffs were driving safely and in accordance with all applicable laws and rules of the road.

## COUNT 1

## NEGLIGENCE "BALLMERRE"

16.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At all times material hereto, Defendant BALLMERRE was a professional driver with a commercial driver's license, class E.

18.

At all times material hereto, Defendant BALLMERRE was driving a commercial motor vehicle in interstate commerce and was subject not only to Georgia traffic laws and safety regulations, but also the Federal Motor Carrier Safety Regulations.

19.

Defendant BALLMERRE owed a duty of exercising due and reasonable care to Plaintiffs, as well as to the other motorists on the road to avoid all or any collision.

20.

Defendant BALLMERRE had a statutory duty under O.C.G.A § 40-6-49 to not follow too closely.

21.

Defendant BALLMERRE breached the above-stated duty owed to Plaintiffs, by operating his freightliner in an unsafe, reckless, and negligent manner and causing permanent injuries to the Plaintiffs.

22.

Defendant BALLMERRE was negligent in the following manner:

    (a) Failing to exercise due care in the operation of his vehicle upon the roadway;

    (b) Driving his vehicle in reckless disregard for the safety of persons and/or property;

    (c) Following too closely;

    (d) Failure to keep a proper lookout; and

    (e) Driving too fast for conditions.

23.

Defendant BALLMERRE was negligent in following too closely and failed to keep a proper lookout for others vehicles in the roadway, including the Plaintiffs.

24.

At all times Defendant BALLMERRE was negligent in causing the collision with Plaintiffs' vehicle.

25.

Defendant BALLMERRE negligence is the sole and proximate cause of Plaintiffs' injuries.

26.

As a direct and proximate cause of Defendant BALLMERRE reckless and negligent conduct, as alleged herein above, Plaintiffs have suffered permanent injuries.

27.

As a result of the injuries sustained in the subject incident caused by the negligence of the Defendant BALLMERRE, Plaintiff Mario Alcon has incurred medical bills in excess of $124,075.90 and lost wages in excess of $14,000.00, Plaintiff Geremias Alcon has incurred medical bills in excess of $134,808.00 and lost wages in excess of $14,600.00, Plaintiff Secilia Alcon has incurred medical bills in excess of $135,349.40.90 and lost wages in excess of $12,653.33, Plaintiff Maura Alcon has incurred medical bills in excess of $123,797.18 and lost wages in excess of $7,200.00, Plaintiff Marleny Alcon has incurred medical bills in excess of $58,319.31, and Plaintiff Hugo Alcon has incurred medical bills in excess of $118,697.82 and lost wages in excess of $6,901.67.

28.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory and special

Case 1:22-cv-01735-SCJ   Document 1-1   Filed 05/02/22   Page 9 of 27

damages from BALLMERRE, ASPLUDH and Greenwich Insurance Company, for medical expenses, present and future, pain and suffering, present and future and for the loss of enjoyment of life, present and future, in such amount as shall be shown by the evidence and determined by the jury in their enlightened conscience.

## COUNT 2

### NEGLIGENCE PER SE "BALLMERRE"

29.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Violation of Federal Motor Carrier Safety Regulations ("FMCSR"); including, without limitations; failing to operate his freightliner in a safe and reasonable manner and other FMCSR's violations of which constitutes negligence per se; and otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

31.

Defendant BALLMERRE was negligent per se in the operation of the freightliner as he was driving in at least the following ways:

(a) Following too closely; O.C.G.A. § 40-6-49;

(b) Failing to exercise due care in the operation of her vehicle upon the roadway, in violation of O.C.G.A. § 40-6-241;

(c) Driving his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(d) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180.

32.

Defendant BALLMERRE'S negligence is the sole and proximate cause of Plaintiffs' injuries.

## COUNT 3

### IMPUTED LIABILITY

33.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

At all times pertinent to the subject matter of this Complaint, Defendant BALLMERRE was employed by Defendant ASPLUDH and/or acting as an agent for ASPLUDH.

35.

At all times pertinent to the subject matter of this Complaint, Defendant BALLMERRE was employed by Defendant ASPLUDH and/or acting as an agent for Defendant ASPLUDH while operating the freightliner.

36.

Defendant ASPLUDH is an intrastate and/or interstate motor carriers.

37.

Pursuant to federal and state laws, Defendant ASPLUDH is vicariously liable and responsible for the actions of Defendant BALLMERRE in regard to the collision described in this Complaint.

## COUNT 4

## NEGLIGENT ENTRUSTMENT, HIRING, TRAINING & SUPERVISION

38.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 37 above as if fully restated.

39.

Defendant ASPLUDH was negligent in hiring Defendant BALLMERRE.

40.

Defendant ASPLUDH was negligent in entrusting Defendant BALLMERRE to drive the freightliner.

41.

The freightliner is a dangerous instrumentality consistent with the law of negligent entrustment.

42.

Defendant ASPLUDH was negligent in failing to properly train Defendant BALLMERRE.

43.

Defendant ASPLUDH was negligent in failing to properly supervise Defendant BALLMERRE.

44.

Defendant ASPLUDH'S negligence in hiring Defendant BALLMERRE was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

45.

Defendant ASPLUDH'S negligence in entrusting Defendant BALLMERRE with driving a dangerous instrumentality was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

46.

Defendant ASPLUDH'S negligence in failing to train Defendant BALLMERRE was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

47.

Defendant ASPLUDH'S negligence in failing to supervise Defendant BALLMERRE properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT 5

## DIRECT ACTION AGAINST DEFENDANT GREENWICH INSURANCE COMPANY

48.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 47 above as if fully restated

49.

Defendant GREENWICH INSURANCE COMPANY provided liability insurance on the FRIEGHTLINER that was involved in the subject motor vehicle collision.

50.

Defendant GREENWICH INSURANCE COMPANY agreed to provide insurance coverage to Defendant BALLMERRE and ASPLUDH in consideration for the payment of insurance premiums.

51.

Defendant GREENWICH INSURANCE COMPANY was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of the Court pursuant to O.C.G.A. § 33-4-1.

52.

Plaintiffs, as members of the public, were injured due to a common carrier's negligence,

and is a third-party beneficiary to that agreement.  Pursuant to O.C.G.A. § 40-1-112, Defendant GREENWICH INSURANCE COMPANY is subject to this Direct Action.

## COUNT 6

## PUNITIVE DAMAGES

53.

Plaintiff re-allege and incorporate herein the allegations contained in paragraphs 1 through 52 above as if fully restated.

54.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs pray that they have a trial by jury on all issues and judgment against Defendants as follows:

a. That Plaintiffs recover the full and reasonable amount of medical expenses in an amount to be proven at trial;

b. That Plaintiffs recover the full and reasonable amount of physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover the full and reasonable amount for the loss of Plaintiffs' enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recovers punitive damages in an amount sufficient to punish and deter Defendants from their reprehensible conduct that caused the subject collision and injuries; and

e. That Plaintiffs recover such other and further relief as is just and proper.

This, the 29th day of March, 2022.

Respectfully Submitted,
**CUADRA & PATEL, LLC**

/s/ Chirag Patel

---

Chirag Patel, esq.
Georgia Bar No. 763713
Norman Cuadra, esq.
Georgia Bar No. 200510
296 S. Culver Street,
Lawrenceville, Georgia 30046
Phone: (404) 373-6336
chirag@cuadrapatel.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01817-S5
3/29/2022 4:43 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON, MAURA ALCON, MARLENY ALCON & HUGO ALCON,**<br>**Plaintiffs,**<br><br>v.<br><br>**ASPLUNDH TREE EXPERT, LLC,**<br>AND<br>**SEAN DOUGLAS BALLMERRE,**<br>AND<br>**GREENWICH INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>22-C-01817-S5 |

### DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, by and through their undersigned Counsel, and hereby files this DEMAND FOR JURY TRIAL in the above- mentioned civil action

This 29TH day of March, 2022.

Respectfully Submitted,
**CUADRA AND PATEL, LLC**

**/s/ Chirag Patel**

_____
Norman Cuadra, Esq.
Georgia Bar No. 200510
Chirag Patel, Esq.
Georgia Bar No. 763713

*CUADRA AND PATEL, LLC*
296 S. Culver Street
Lawrenceville, Georgia 30046
(404) 373-6336 (Phone)
(770) 237-3486 (Fax)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIO ALCON, GEREMIAS ALCON, SECILIA ALCON, MAURA ALCON, MARLENY ALCON, and HUGO ALCON, <br><br> Plaintiffs, <br><br> v. <br><br> ASPLUNDH TREE EXPERT, LLC, SEAN DOUGLAS BALLMERRE, and GREENWICH INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION FILE NO. 22-C-01817-S5 |

## DEFENDANT ASPLUNDH TREE EXPERT, LLC AND GREENWICH INSURANCE COMPANY ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW defendants, Asplundh Tree Expert, LLC ("Asplundh") and Greenwich Insurance Company ("Greenwich," and collectively referred to as "defendants"), by and through undersigned counsels, and answer plaintiffs' complaint for damages, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' complaint for damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

No act or omission of these defendants caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against these defendants.

### THIRD DEFENSE

These defendants did not owe any legal duty of care to plaintiffs.

### FOURTH DEFENSE

These defendants did not breach any duties owed to plaintiffs and, therefore, plaintiffs have

no right of recovery against the defendants.

## FIFTH DEFENSE

No action or omission on the part of these defendants proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiffs; therefore, plaintiffs have no right of recovery against these defendants.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, the defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for her own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## SEVENTH DEFENSE

Defendants plead all affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12 (b) and (h) and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendants specifically reserve the right to amend defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## EIGHTH DEFENSE

Venue is improper in this Court and, as a result thereof, plaintiffs' complaint must be dismissed.

## NINTH DEFENSE

Plaintiffs have failed to state facts sufficient to entitle them to an award of compensatory

damages, punitive damages, or attorneys' fees and expenses from these defendants.

## **TENTH DEFENSE**

Defendants reserve the right to assert additional affirmative defenses as same may become known during discovery.

## **ELEVENTH DEFENSE**

In response to the numbered paragraphs of plaintiffs' complaint for damages, defendants answer as follows:

## **RESPONSE TO ALLEGATIONS REGARDING "PARTIES AND JURISDICTION"**

1.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

2.

Defendants only admit the portion of paragraph 2 of plaintiffs' complaint for damages that Asplundh is a foreign corporation existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania, and may be served in accordance with Georgia law. The remaining allegations in paragraph 2 of plaintiffs' complaint for damages state a legal conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 2 of plaintiffs' complaint for damages are denied.

3.

Defendants admit the allegations contained in paragraph 3 of plaintiffs' complaint for damages.

4.

Defendants only admit the portion of paragraph 4 of plaintiffs' complaint for damages that Greenwich is a foreign corporation existing under the laws of Delaware, with its principal place of business in Connecticut, and may be served in accordance with Georgia law. The remaining allegations in paragraph 4 of plaintiffs' complaint for damages state a legal conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 4 of plaintiffs' complaint for damages are denied.

5.

Defendants deny the allegations contained in paragraph 5 of plaintiffs' complaint for damages.

6.

The allegations contained in paragraph 6 of plaintiffs' complaint for damages state a legal conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 6 of plaintiffs' complaint for damages are denied.

**RESPONSE TO ALLEGATIONS REGARDING
"BACKGROUND"**

7.

Defendants admit the allegations contained in paragraph 7 of plaintiffs' complaint for damages.

8.

Defendants admit the allegations contained in paragraph 8 of plaintiffs' complaint for damages.

9.

Defendants admit the allegations contained in paragraph 9 of plaintiffs' complaint for

damages.

10.

Defendants deny the allegations contained in paragraph 10 of plaintiffs' complaint for damages.

11.

Defendants deny the allegations contained in paragraph 11 of plaintiffs' complaint for damages.

12.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

13.

Defendants deny the allegations contained in paragraph 13 of plaintiffs' complaint for damages.

14.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

15.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

**RESPONSE TO ALLEGATIONS REGARDING**
**"COUNT 1 NEGLIGENCE 'BALLMERRE'"**

16.

Defendants incorporate their responses to paragraphs 1–15 by reference as if stated full herein.

17.

Defendants admit the allegations contained in paragraph 17 of plaintiffs' complaint for damages.

18.

Defendants deny the allegations in paragraph 18 alleging the Ballmerre was operating "a commercial motor vehicle in interstate commerce" insofar as that language is related to Georgia or federal direct action statutes. At this time, Defendants deny that Greenwich is properly named as a direct action defendant in this lawsuit. All other allegations in paragraph 18 are admitted.

19.

In response to the allegations contained in paragraph 19 of plaintiffs' complaint of damages, defendants admit only that Ballmerre's duties, if any, are defined by Georgia and federal law. To the extent the allegations contained in paragraph 19 of plaintiffs' complaint for damages are inconsistent with Georgia or federal law, they are denied. Otherwise, defendants deny the allegations contained in paragraph 19 of plaintiffs' complaint for damages.

20.

In response to the allegations contained in paragraph 20 of plaintiffs' complaint of damages, defendants admit only that Ballmerre's duties, if any, are defined by Georgia law. To the extent the allegations contained in paragraph 20 of plaintiffs' complaint for damages are inconsistent with Georgia law, they are denied. Otherwise, defendants deny the allegations

contained in paragraph 20 of plaintiffs' complaint for damages.

21.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

22.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 21, including subparts (a)–(e), of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

23.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

24.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

25.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

26.

Defendants deny the allegations contained in paragraph 26 of plaintiffs' complaint for

damages.

27.

Defendants deny the allegations contained in paragraph 27 of plaintiffs' complaint for damages.

28.

Defendants deny the allegations contained in paragraph 28 of plaintiffs' complaint for damages.

**RESPONSE TO ALLEGATIONS REGARDING
"COUNT 2 NEGLIGENCE PER SE 'BALLMERRE'"**

29.

Defendants incorporate their responses to paragraphs 1–28 by reference as if stated full herein.

30.

The statement contained in paragraph 30 of plaintiffs' complaint for damages does not put forth allegations for defendants to respond to. To the extent a response is required, the allegations contained in paragraph 30 of plaintiffs' complaint for damages are denied.

31.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 31, including subparts (a)–(d), of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

32.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiffs' complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

**RESPONSE TO ALLEGATIONS REGARDING**
**"COUNT 3 IMPUTED LIABILITY"**

33.

Defendants incorporate their responses to paragraphs 1–32 by reference as if stated full herein.

34.

Defendants admit the allegations contained in paragraph 34 of plaintiffs' complaint for damages.

35.

Defendants admit the allegations contained in paragraph 35 of plaintiffs' complaint for damages.

36.

Defendants admit the allegations contained in paragraph 36 of plaintiffs' complaint for damages.

37.

The allegations contained in paragraph 37 of plaintiffs' complaint for damages state a legal conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 37 of plaintiffs' complaint for damages are denied.

**RESPONSE TO ALLEGATIONS REGARDING**
**"COUNT 4 NEGLIGENT ENTRUSTMENT, HIRING, TRAINING & SUPERVISION"**

38.

Defendants incorporate their responses to paragraphs 1–37 by reference as if stated full herein.

39.

Defendants deny the allegations contained in paragraph 39 of plaintiffs' complaint for damages.

40.

Defendants deny the allegations contained in paragraph 40 of plaintiffs' complaint for damages.

41.

The allegations contained in paragraph 41 of plaintiffs' complaint for damages state a legal conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 41 of plaintiffs' complaint for damages are denied.

42.

Defendants deny the allegations contained in paragraph 42 of plaintiffs' complaint for damages.

43.

Defendants deny the allegations contained in paragraph 43 of plaintiffs' complaint for damages.

44.

Defendants deny the allegations contained in paragraph 44 of plaintiffs' complaint for damages.

45.

Defendants deny the allegations contained in paragraph 45 of plaintiffs' complaint for damages.

46.

Defendants deny the allegations contained in paragraph 46 of plaintiffs' complaint for damages.

47.

Defendants deny the allegations contained in paragraph 47 of plaintiffs' complaint for damages.

**RESPONSE TO ALLEGATIONS REGARDING**
**"COUNT 5 DIRECT ACTION AGAINST**
**DEFENDANT GREENWICH INSURANCE COMPANY"**

48.

Defendants incorporate their responses to paragraphs 1–47 by reference as if stated full herein.

49.

Defendants admit the allegations contained in paragraph 49 of plaintiffs' complaint for damages.

50.

Defendants admit that Greenwich issued a policy of liability insurance to Asplundh which is applicable to the claims and allegations in this lawsuit, subject to the terms, conditions, and limitations set forth in the policy.

51.

Defendants deny the allegations contained in paragraph 51 of plaintiffs' complaint for damages.

52.

The allegations contained in paragraph 52 of plaintiffs' complaint for damages state a legal

conclusion and therefore no response to same is required of the defendants. To the extent a response is required, the allegations contained in paragraph 52 of plaintiffs' complaint for damages are denied. Further, Defendants deny that the Freightliner involved in this action qualifies as common carrier or that it otherwise serves as a sufficient basis for a direct action against Greenwich in this lawsuit.  Defendants expressly deny that Greenwich is subject to direct action in this lawsuit.

## RESPONSE TO ALLEGATIONS REGARDING "COUNT 6 PUNITIVE DAMAGES"

53.

Defendants incorporate their responses to paragraphs 1–52 by reference as if stated full herein.

54.

Defendants deny the allegations contained in paragraph 54 of plaintiffs' complaint for damages.

55.

In response to the paragraph beginning with "WHEREFORE" of plaintiffs' complaint for damages, including subparts (a)–(e) thereof, defendants deny that they are liable to plaintiffs and that plaintiffs are entitled to any relief from defendants under any theory at law or in equity.

56.

Each and every allegation contained in plaintiffs' complaint for damages not specifically addressed above is hereby expressly denied.

## DEMAND FOR JURY OF TWELVE

Defendants hereby demand that the above-captioned matter be tried by a jury of twelve.

This 2nd day of May, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Matthew F. Boyer*

MATTHEW F. BOYER
Georgia Bar No. 141512
mboyer@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
carlos.fernandez@fmglaw.com

*Attorneys for Asplundh Tree Expert, LLC and Greenwich Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (Telephone)
(833) 330-3669 (Facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically submitted the foregoing DEFENDANT ASPLUNDH TREE EXPERT, LLC AND GREENWICH INSURANCE COMPANY ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES to the Clerk of Court using the *Odyssey eFileGA* system which will automatically send electronic mail notification of such filing and service to the following counsel of record:

Chirag Patel
Norman Cuadra
CUADRA AND PATEL, LLC
296 S. Culver Street
Lawrenceville, GA 30046

This 2nd day of May, 2022.

                                           **FREEMAN MATHIS & GARY, LLP**

                                           */s/ Matthew F. Boyer*
                                           MATTHEW F. BOYER
                                           Georgia Bar No. 141512
                                           mboyer@fmglaw.com
                                           CARLOS A. FERNÁNDEZ
                                           Georgia Bar No. 769087
                                           carlos.fernandez@fmglaw.com

                                           *Attorneys for Asplundh Tree Expert, LLC and Greenwich Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)